IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DA SILVA TRAJANO, TIAGO**     )<br>                                                                )<br>     *Plaintiff,*                                          )<br>                                                                )<br>     v.                                                      )<br>                                                                )<br>**U.S. CITIZENSHIP AND IMMIGRATION** )<br>**SERVICES**                                         )<br>Office of the Chief Counsel,              )<br>5900 Capital Gateway Drive,             )<br>Mail Stop 2120,                                    )<br>Camp Springs, MD 20588-0009;       )<br>                                                                )<br>**SECRETARY OF HOMELAND**          )<br>**SECURITY**                                       )<br>2707 Martin Luther King Jr. Ave SE,  )<br>Mail Stop 0485,                                     )<br>Washington, DC 20528-0485;            )<br>                                                                )<br>**JOSEPH B. EDLOW, in his official capacity** )<br>**as Director of the U.S. Citizenship and** )<br>**Immigration Services,**                    )<br>5900 Capital Gateway Drive              )<br>Camp Springs, MD 20588-0009        )<br>                                                                )<br>**THE HONORABLE KRISTI NOEM, in** )<br>**her official capacity as Secretary of** )<br>**Homeland Security**                         )<br>2707 Martin Luther King Jr. Ave SE,  )<br>Mail Stop 0485,                                     )<br>Washington, DC 20528-0485;            )<br>                                                                )<br>**UNITED STATES ATTORNEY FOR THE** )<br>**DISTRICT OF MASSACHUSETTS**  )<br>John Joseph Moakley U.S. Courthouse, )<br>1 Courthouse Way, Suite 9200,         )<br>Boston, MA 02210,                              )<br>                                                                )<br>     *Defendants.*                                     )<br>_____ ) | **Case No.: To be assigned**<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION PURSUANT TO FRCP 65** |

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DA SILVA TRAJANO, TIAGO | ) ) ) | **Case No.: To be assigned** |
| *Plaintiff,* | ) ) | |
| v. | ) ) ) | **MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION PURSUANT TO FRCP 65** |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ET AL. | ) ) ) ) ) | |
| *Defendants.* | ) ) ) | |

**TABLE OF CONTENTS**

**TAB**                                                                                                        **PAGE**

**A.** USCIS Decision Denying Plaintiff's I-140 Petition…………....……………………..02-07

**B.** AAO Decision dismissing Plaintiff's Form I-290B…………………………………...09-15

**C.** Receipt Notice for Plaintiff's Form I-140, Immigrant Petition for Alien Workers (Receipt #SRC2390080215), and Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt #SRC2390080214), along with USCIS Case Status;....................17-21

**D.** Plaintiff's I-94 Arrival/Departure Record…………………………………………….23-24

**E.** Approval Notice for Plaintiff's I-765, Application for Employment Authorization and current EAD Card………………………………………………………………….....26-28

**F.** Proof of Individualized Education Program (IEP) Services for Plaintiff's Son……...…30-53

**COMES NOW**, Plaintiff, Tiago da Silva Trajano, by and through undersigned counsel, respectfully moving this Honorable Court for the entry of a **TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION** pursuant to the **Federal Rule of Civil Procedure 65**, enjoining the Defendants from executing any adverse immigration enforcement action, terminating Plaintiff's lawful presence and work authorization, or otherwise treating Plaintiff as unlawfully present during the pendency of this litigation.

In support of this Motion, Plaintiff states the following:

## I. BACKGROUND

This case arises from the unlawful denial of Plaintiff's Form I-140 immigrant petition under the EB-1A category for individuals of extraordinary ability, and the improper dismissal of his I-290B motion to reopen or reconsider. Defendants' decisions were arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706.

Plaintiff, a renowned and internationally recognized tattoo artist, meets the regulatory standards for classification as an individual of extraordinary ability in the arts, having demonstrated eligibility under five of the ten criteria listed in 8 C.F.R. § 204.5(h)(3).

Absent emergency injunctive relief, Plaintiff will suffer irreparable harm, including the imminent loss of lawful presence, employment authorization, and the potential for removal from the United States, despite having a meritorious petition and a pending adjustment of status application.

## II. LEGAL STANDARD

A party seeking a Temporary Restraining Order (TRO) or preliminary injunction must establish: (1) A likelihood of success on the merits; (2) A likelihood of suffering irreparable

harm in the absence of preliminary relief; (3) That the balance of equities tips in the movant's favor; and (4) That an injunction is in the public interest; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### III. ARGUMENT

#### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff has shown a strong likelihood of success on the merits of his APA claim. Even at the decision, issued on September 10, 2024, where the USCIS denied the Plaintiff's application, the USCIS acknowledged that Plaintiff met multiple regulatory criteria under 8 C.F.R. § 204.5(h)(3), but improperly concluded that he failed to demonstrate "extraordinary ability" under 8 C.F.R. § 204.5(h)(2). This conclusion is unsupported by substantial evidence or rational explanation and reflects a misapplication of the *Kazarian* framework, which requires a two-step analysis: (1) Establishing the threshold criteria; and (2) A holistic final merits determination.

Plaintiff submitted extensive, independently verifiable evidence satisfying at least five distinct regulatory criteria under 8 C.F.R. § 204.5(h)(3): (i) lesser nationally or internationally recognized awards; (iv) service as a judge of others' work in professional artistic competitions; (vii) display of work at artistic exhibitions and showcases; (v) original artistic contributions of major significance—notably Plaintiff's reconstructive tattooing for breast-cancer survivors; and (vi) authorship of articles in major trade publications and media.

Plaintiff submitted extensive, independently verifiable evidence satisfying at least five of the ten EB-1A criteria under 8 C.F.R. § 204.5(h)(3)—including: (i) lesser nationally or internationally recognized awards; (iv) service as a judge of others' work in professional artistic competitions; (vii) display of work at artistic exhibitions/showcases; (v) original artistic contributions of major significance (notably Plaintiff's reconstructive tattooing for breast-cancer

survivors); and (vi) authorship of articles in major trade and media outlets. While USCIS acknowledged multiple criteria, it incorrectly stated that only three were met. Because the March 29, 2024 RFE itemized other issues yet remained silent on the § 204.5(h)(3)(viii) "leading or critical role" criterion, that element should be deemed established for Step-One counting. Properly counted, the record reflects at least four satisfied criteria—triggering the agency's obligation to proceed to Step Two (final-merits) with a reasoned analysis consistent with *Kazarian* and the USCIS Policy Manual.

As for Step Two, the USCIS and the AAO improperly combined the initial "high acclaim" assessment with the final merits determination. They failed to explain why the Plaintiff's accomplishments don't meet the requirements, offering a conclusory determination lacking substantial evidence. The AAO dismissed the Plaintiff's artistic and philanthropic contributions, ignoring binding guidance requiring contextual evaluation. Additionally, USCIS didn't conduct a holistic review, instead applying **vague, subjective standards** untethered from the regulatory framework and USCIS's own Policy Manual (Volume 6, Part F, Chapter 2, Section B).

The USCIS and AAO ignored or mischaracterized probative evidence, including Plaintiff's internationally recognized exhibitions, his work as a judge in different events and his artistic contributions to help better the lives and self-esteem of breast cancer survivors by reconstructing the "halo" using tattoo in women who, unfortunately, lost part of their breast in cancer removal surgeries. The agency's reasoning was conclusory and lacked a rational connection to the evidence, rendering the decision arbitrary and unlawful under 5 U.S.C. § 706(2)(A), (D).

**B. Plaintiff Faces Immediate and Irreparable Harm**

Plaintiff currently has a Form I-485, Application to Adjust Status, pending with USCIS, based on the underlying I-140 petition. As a direct result of the I-140 denial and AAO dismissal, Plaintiff's adjustment application is in jeopardy, and Plaintiff is at risk of falling out of lawful immigration status.

Without the protections offered by a favorable adjudication or interim relief from this Court, Plaintiff will (i) lose eligibility to adjust status under 8 U.S.C. § 1255(a); (ii) Be deemed unlawfully present, subjecting him to three- or ten-year bars to admissibility under 8 U.S.C. § 1182(a)(9)(B); (iii) Face immediate termination of employment authorization (EAD) tied to the I-485; and (iv) Risk being placed in removal proceedings, despite ongoing federal litigation challenging the agency's arbitrary and unlawful decision.

The harm to Plaintiff is not abstract; it is immediate and personal. If Plaintiff loses lawful status while his APA case is pending, he could be treated as unlawfully present and face the risk of removal from the United States before this Court has had the opportunity to review the lawfulness of USCIS's decision. Such a loss would force Plaintiff, his wife, and their two young children to leave the country, uprooting the entire family from the stability, community ties, and educational services they have built in the United States.

Most critically, Plaintiff's five-year-old son, Marley Alves Trajano, has autism and has been receiving services under an Individualized Education Program (IEP) since Kindergarten. (*See* **Exhibit F**). Through this program, he works daily with a special education teacher and receives therapy twice a week at school. These services have been essential to his progress in communication, emotional regulation, and classroom success. If Plaintiff is forced out of lawful

status, the continuity of Marley's education and therapies would be disrupted, placing his development and well-being at serious risk.

These risks constitute **irreparable harm.** Courts have consistently found that immigration consequences flowing from denial of a pending I-485—especially where based on arbitrary agency action—satisfy the standard for injunctive relief. See *Tefel v. Reno*, 972 F. Supp. 608, 616 (S.D. Fla. 1997), aff'd, 180 F.3d 1286 (11th Cir. 1999); *Damus v. Nielsen*, 313 F. Supp. 3d 317 (D.D.C. 2018). The consequences of inaction are immediate, concrete, and irreversible, absent this Court's intervention.

### C. The Balance of Equities Favors Plaintiff

The harm to Plaintiff is severe and concrete, while the government would not be prejudiced by a brief injunction preserving the status quo. The balance of hardships thus favors injunctive relief, particularly where the Plaintiff seeks only to maintain his current eligibility and presence while the legal dispute is adjudicated.

As stated before, the Plaintiff faces catastrophic harm if the injunction relief is not granted the Plaintiff will suffer the loss of lawful presence in the United States, resulting in the accrual of unlawful presence bars under 8 U.S.C. § 1182(a)(9)(B) and risk of being placed in removal proceedings, despite having an I-485 Adjustment of Status application on file and a meritorious underlying I-140 petition. These consequences will mean permanent disruption to his career, artistic collaborations, and humanitarian contributions. Which are not only personal consequences but also carry significant immigration and reputational costs, none of which can be adequately compensated by damages or reversed retroactively. In other words, the harm Plaintiff would face is existential to his future in the United States.

Meanwhile, the government's interests in enforcing an agency decision can be fully preserved through judicial review. Granting a TRO or preliminary injunction would merely pause enforcement of the agency's denial—not reverse it—and allow this Court to assess whether the agency acted in accordance with the law.

The government will face no monetary harm or suffer any loss of regulatory control, while it also retains the ability to enforce its decision later, should it ultimately prevail on the merits. Federal courts regularly hold that preserving the status quo pending lawful adjudication imposes little to no harm on the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### D. An Injunction Serves the Public Interest

The public interest is served by ensuring that federal agencies follow the law, especially when their decisions bear directly on a person's ability to live and work in the United States. Courts have consistently found that ensuring lawful agency action and preventing unwarranted removals align with the public interest. *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order maintaining the *status quo* and enjoining Defendants, during the pendency of this action, from:

    a. **Taking any adverse action on Plaintiff's pending Form I-485, Application to Register Permanent Residence or Adjust Status (Receipt No. SRC2390080214);**

    b. Revoking, suspending, or declining to renew Plaintiff's employment authorization;

    c. Initiating, reinstating, or prosecuting removal proceedings against Plaintiff; and

      d. Treating Plaintiff as unlawfully present, or counting time toward unlawful-presence accrual for purposes of INA § 212(a)(9), for any period covered by the Court's order.

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Clarissa M. Kalil*
Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MA Bar No.: 714777
MO Bar No.: 71440

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DA SILVA TRAJANO, TIAGO** | **Case No.: To be assigned** |
| *Plaintiff,* | |
| v. | |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ET AL.** | |
| *Defendants.* | |

**CERTIFICATE OF SERVICE**

I, Clarissa M. Kalil, Esq., counsel of record for Plaintiff, hereby certify that on August 29, 2025, the foregoing **"Motion for Temporary Restraining Order and Preliminary Injunction"** was electronically filed through the Court's CM/ECF system, which will serve notice of such filing on all registered participants.

Respectfully submitted,

*/s/ Clarissa M. Kalil*
Clarissa Moraes Kalil, Esq.
The Law Office of Clarissa M. Kalil
129 Concord St, Suite 1
Framingham, MA 01702
Tel: (857) 218-0400
MA Bar No.: 714777
MO Bar No.: 71440